**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**ANTONIO BONNEY**                                                           **PLAINTIFF**

**v.**                                                 **CIVIL ACTION NO.: 4:11-cv-107-SA-JMV**

**LEFLORE COUNTY, MISSISSIPPI,
DEPUTY RICHARD "CHIP" ROBERTS,
DEPUTY WILLIAM CARTER,
DEPUTY RONALD RADFORD, AND
OFFICER(S) JOHN DOE, IN THEIR
INDIVIDUAL AND OFFICIAL CAPACITIES**                       **DEFENDANTS**

**MEMORANDUM OPINION**

The Defendant Deputies have filed a Motion to Dismiss [48] Plaintiff's claims brought pursuant to 42 U.S.C. § 1983 on the basis of qualified immunity. After reviewing the motion, response, Rule 7(a) reply, arguments, and authorities, the Court is ready to rule.

**FACTUAL ALLEGATIONS & PROCEDURAL HISTORY**

On or about May 12, 2009, Plaintiff Antonio Bonney stopped at Granger's Store in Itta Bena, Mississippi to speak to "someone." Bonney pulled his car alongside the individual. However, instead of engaging in a conversation, the individual grabbed Bonney, pulled him from his car, and threw him on the ground. Bonney saw several other unknown individuals approaching, and—fearing for his life—began to run away. Bonney sought help by knocking on the doors of nearby houses and asking the residents to call the police. After one homeowner opened his door, Bonney removed his shirt to show that the was unarmed and asked the homeowner to call the police.

Two deputies from the Leflore County Sheriff's Department arrived on the scene. Plaintiff again removed his shirt to show that he was unarmed, held his hands in the air, and attempted to explain the situation to the deputies. However, the deputies allegedly threw Bonney to the ground and began beating and kicking him. Bonney was then handcuffed and placed under arrest for

disorderly conduct.[1] Bonney further alleges that after arriving at the Leflore County Sheriff's Department, he was struck twice in the face by an officer. At all times, Bonney alleges that he was unarmed, not resisting arrest, and posed no danger to the officers.

On January 29, 2010, Bonney filed a Complaint in the Circuit Court of Leflore County, Mississippi, asserting various state law claims against Leflore County and Officer(s) John Doe. After engaging in state court discovery, Bonney filed an Amended Complaint adding Deputies Richard Roberts, William Carter, and Donald Roberts as defendants. The Amended Complaint also asserted federal claims pursuant to 42 U.S.C. § 1983 for violations of Bonney's rights under the Fourth and Fourteenth Amendment. The Defendants timely removed the action to this Court.

The individual defendants have now filed a motion to dismiss the federal claims (Counts Six and Seven of Bonney's Amended Complaint), arguing that the allegations in the Amended Complaint are insufficient to overcome the defense of qualified immunity. Out of an abundance of caution, this Court ordered Plaintiff to file a Rule 7(a) reply in accordance with the procedure outlined in Schultea v. Wood, 47 F.3d 1427 (5th Cir. 1995).[2] Having received and considered the Rule 7(a) reply, the Court finds as follows:

**MOTION TO DISMISS STANDARD**

In considering a motion to dismiss, the "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" Martin K. Eby Constr. Co. v. Dallas Area Rapid

---

[1] The charge was subsequently dropped.

[2] "When a public official pleads the affirmative defense of qualified immunity in his answer, the district court may, on the official's motion or on its own, require the plaintiff to reply to that defense in detail. By definition, the reply must be tailored to the assertion of qualified immunity and fairly engage its allegations." Shultea, 47 F.3d at 1433.

Transit, 369 F.3d 464, 467 (5th Cir. 2004) (quoting Jones v. Greninger, 188 F.3d 322, 324 (5th Cir. 1999)). To overcome a Rule 12(b)(6) motion, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 698, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. at 698, 129 S. Ct. 1955 (quotation marks, citations, and footnote omitted). "Conversely, 'when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court.'" Cuvillier v. Taylor, 503 F.3d 397, 401 (5th Cir. 2007) (citing Twombly, 550 U.S. at 558, 127 S .Ct. at 1955 (internal quotation marks omitted)).

## DISCUSSION

The Defendant Deputies seek dismissal of Plaintiff's federal claims against them in their individual capacities on the basis of qualified immunity. "Qualified immunity shields government officials performing discretionary functions from civil liability as long as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Huang v. Harris County, 264 F.3d 1141, 2001 WL 822534, at *5 (5th Cir. 2001) (citing Bazan v. Hidalgo County, 246 F.3d 481, 488 (5th Cir. 2001)). When a defendant raises qualified immunity, the burden is on the plaintiff to "demonstrate the inapplicability of the defense." McClendon v. City of Columbia, 305 F.3d 315, 323 (5th Cir. 2002). "If qualified immunity is raised in a motion to dismiss, 'it is the defendant's conduct as alleged in the complaint that is scrutinized

3

for objective legal reasonableness.'" Senu-Oke v. Jackson State Univ., 283 F. App'x 236, 239 (5th Cir. 2008) (quoting Behrens v. Pelletier, 516 U.S. 299, 309, 116 S. Ct. 834, 133 L. Ed. 2d 773 (1996)).

To determine if an individual is entitled to qualified immunity, the court applies a two-step analysis. "First, [the court] ask[s] whether, considered in the light most favorable to the plaintiff, the plaintiff has alleged facts that, if proven, would establish that the official violated the plaintiff's constitutional rights." Id. at 238 (citing Saucier v. Katz, 533 U.S. 194, 201, 121 S. Ct. 2157, 150 L. Ed. 2d 272 (2001)). The second prong requires the court to consider whether the defendant's actions were objectively unreasonable in light of clearly established law at the time of the conduct in question. To make this determination, the court applies an objective standard based on the viewpoint of a reasonable official in light of the information then available to the defendant and the law that was clearly established at the time of the defendant's actions. Freeman v. Gore, 483 F.3d 404, 411 (5th Cir. 2007). In this case, Bonney asserts that the Defendant Deputies violated his rights under the Fourth and Fourteenth Amendment.

  A. Fourth Amendment - Excessive Force

In Count Seven of his Complaint, Bonney alleges that the "Defendants took actions to deprive Plaintiff of his Fourth Amendment protection against excessive force." The Supreme Court has stated that, "all claims that law enforcement officers have used excessive force-deadly or not-in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard." Graham v. Connor, 490 U.S. 386, 395, 109 S. Ct. 1865, 104 L. Ed. 2d 443 (1989). To state a violation of the Fourth Amendment prohibition on excessive force, "the plaintiff must allege: (1) an injury that (2) resulted directly and

4

only from the use of force that was excessive to the need, and (3) the use of force was objectively unreasonable." Bush v. Strain, 513 F.3d 492, 502 (5th Cir. 2008).[3]

Here, Bonney alleges that after Deputy Roberts and another deputy[4] arrived on the scene, he was shoved into the gravel and kicked in his ribs and head by both deputies. According to Bonney, he was unarmed, not engaging in any criminal conduct, not resisting arrest, and had his hands in the air prior to being thrown on the ground and beaten. Bonney suffered a broken rib, swollen face, and a rock lodged in his hand which caused an infection. Bonney further asserts that he was struck in the face multiple times while being checked in to the Leflore County Sheriff's Department by a Deputy believed to be Defendant Radford. The Court finds that the Plaintiff has alleged sufficient facts against each Defendant, which, if proven, constitute a violation of his clearly established Fourth Amendment right against excessive force. Graham, 490 U.S. at 394, 109 S. Ct. 1865.

The Second Step is to determine whether the Defendant Deputies' actions were objectively reasonable in light of clearly established law. "The 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20

---

[3] Defendants assert that the Court should ignore Bonney's recitation of the facts in his Complaint (¶11-21) as they relate to Count Seven, because in ¶40 Bonney "incorporate[d] and adopt[ed] all prior paragraphs, averments, and statements" rather than reciting the facts again. This argument is without merit.

[4] Bonney claims to have received conflicting discovery responses about which deputy was with Roberts when Bonney was arrested. In his Rule 7(a) Reply, Bonney clarifies that: "Assuming the Incident Report signed by Defendant Roberts is accurate, the aforementioned attack is particularly alleged against Defendants Roberts and Carter. Assuming that Defendant [Leflore County's] supplemental responses are accurate, meaning Defendant Radford was at the subject scene, the aforementioned specific allegations are against Defendants Roberts and Radford." The Court finds this to be a sufficiently particularized allegation against each Defendant individually to survive a Motion to Dismiss at this stage of the litigation.

vision of hindsight." Graham, 490 U.S. at 396, 109 S. Ct. 1865, 104 L. Ed. 2d 443. "To gauge the objective reasonableness of the force used by the law enforcement officer, the Court must balance the amount of force used against the need for force." Flores v. City of Palacios, 381 F.3d 391, 399 (5th Cir. 2004) (internal quotation marks and citations omitted).

The Court finds that under the circumstances alleged by Bonney, a reasonable officer would know that the amount of force employed against Bonney was objectively unreasonable. That is, a reasonable officer would know that beating, kicking, and striking the face of an unarmed, non-resisting individual in the course of effecting an arrest and processing him into jail violates his clearly established constitutional right to be free of excessive force. Accordingly, the Motion to Dismiss is denied as to Bonney's Fourth Amendment Excessive force claim.

B. Fourteenth Amendment

In Count Six of his Complaint, Bonney avers that the Defendants "took action to deprive Plaintiff of his due process rights under federal laws, equal protection rights under federal laws, and violated other civil rights of Plaintiff under federal laws." However, Plaintiff's Amended Complaint is unclear as to what conduct he alleges violated his rights to due process, equal protection, or "other civil rights." In his response and Rule 7(a) reply, Bonney clarifies that he is asserting that Defendants violated his Fourteenth Amendment substantive due process rights. Bonney relies on Petta v. Rivera, 143 F.3d 895 (5th Cir. 1998), for the proposition that "a civil rights plaintiff whose claim is not susceptible to proper analysis with reference to a specific constitutional right may *still* state a claim under § 1983 for violation of his or her Fourteenth Amendment substantive due process rights[s]." However, Bonney fails to distinguish how his substantive due process claim differs from his Fourth Amendment excessive force claim.

"Where a particular Amendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims.'" Albright v. Oliver, 510 U.S. 266, 273, 114 S. Ct. 807, 127 L. Ed. 2d 114 (1994) (citing Graham, 490 U.S. at 395, 108 S. Ct. 1865). In Graham, the Court held that "all claims that law enforcement officers have used excessive force . . . in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard, rather than under a 'substantive due process approach.'" Graham, 490 U.S. at 395, 109 S. Ct. 1865. Because the Fourth Amendment specifically protects the Plaintiff's right to be free from excessive force, the Court finds that Plaintiff has failed to sufficiently allege a substantive due process violation. Accordingly, Defendants' Motion to Dismiss is GRANTED as to Plaintiff's substantive due process claim.

## CONCLUSION

Defendants' Motion to Dismiss is GRANTED as to Plaintiff's claims for violations of his Fourteenth Amendment substantive due process rights. However, the Motion is DENIED as to Plaintiff's claims that Defendants violated his Fourth Amendment right to be free from excessive force.

SO ORDERED on this, the 21st day of September, 2012.

/s/ Sharion Aycock
**UNITED STATES DISTRICT JUDGE**