**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

ANTONIO BONNEY                                                                                   PLAINTIFF

v.                                                                           CIVIL ACTION NO.: 4:11-cv-107-SA-JMV

LEFLORE COUNTY, MISSISSIPPI,
DEPUTY RICHARD "CHIP" ROBERTS,
DEPUTY WILLIAM CARTER,
DEPUTY RONALD RADFORD, AND
OFFICER(S) JOHN DOE, IN THEIR
INDIVIDUAL AND OFFICIAL CAPACITIES                                               DEFENDANTS

**MEMORANDUM OPINION**

Defendant Leflore County has filed a Motion to Dismiss [17] Plaintiff's state law claims. After reviewing the motion, response, arguments, and authorities, the Court is ready to rule.

**FACTUAL ALLEGATIONS**

The operative complaint in this action alleges that on or about May 12, 2009, Plaintiff Antonio Bonney stopped at Granger's Store in Itta Bena, Mississippi to speak to "someone." Bonney pulled his car alongside the individual. However, instead of engaging in a conversation, the individual grabbed Bonney, pulled him from his car, and threw him on the ground. Bonney saw several other unknown individuals approaching, and—fearing for his life—began to run away. Bonney sought help by knocking on the doors of nearby houses and asking the residents to call the police. After one homeowner opened his door, Bonney removed his shirt to show that the was unarmed and asked the homeowner to call the police.

Two deputies from the Leflore County Sheriff's Department arrived on the scene. Plaintiff again removed his shirt to show that he was unarmed, held his hands in the air, and attempted to explain the situation to the deputies. However, the deputies allegedly threw Bonney to the ground and began beating and kicking him. The deputies also struck Bonney in the head with an

"unidentified blunt object." Bonney was then handcuffed and placed under arrest for disorderly conduct. At all times, Bonney alleges that he was unarmed, not resisting arrest, and posed no danger to the officers.

On January 29, 2010, Bonney filed a Complaint in the Circuit Court of Leflore County, Mississippi, asserting various state law claims against Leflore County and Officer(s) John Doe. After engaging in state court discovery, Bonney filed an Amended Complaint adding Deputies Richard Roberts, William Carter, and Donald Roberts as defendants (the Defendant Deputies) both in their official and individual capacities. The Amended Complaint also asserted federal claims pursuant to 42 U.S.C. § 1983 for violations of Bonney's rights under the Fourth and Fourteenth Amendment. The Defendants timely removed the action to this Court.

Prior to the filing of the amended complaint, Defendant Leflore County filed a Motion to Dismiss Plaintiff's claims brought pursuant to the Mississippi Tort Claims Act and said motion remains pending before the Court. The Defendant Deputies have also joined the motion in both their official and individual capacities. Under Mississippi law, "a suit against one in a representative capacity is not a suit against that person at all but in reality a suit against the entity represented." Lawrence Cnty. Sch. Dist. v. Brister, 823 So.2d 459, 461 (Miss. 2001). In other words, Plaintiff's official capacity claims against the Defendant Deputies are actually claims against Leflore County, and the Court will analyze these claims collectively as claims against "the County." However, the pending motion to dismiss (which was filed prior to the Amended Complaint naming the individual deputies and adding federal claims) contains no discussion regarding Plaintiff's claims against the deputies individually, focusing instead only on defenses applicable to a governmental entity. Accordingly, the Court's opinion does not address Plaintiff's claims against the Defendant Deputies

individually.

## MOTION TO DISMISS STANDARD

In considering a motion to dismiss, the "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit, 369 F.3d 464, 467 (5th Cir. 2004) (quoting Jones v. Greninger, 188 F.3d 322, 324 (5th Cir. 1999)). To overcome a Rule 12(b)(6) motion, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 698, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. at 698, 129 S. Ct. 1955 (quotation marks, citations, and footnote omitted). "Conversely, 'when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court.'" Cuvillier v. Taylor, 503 F.3d 397, 401 (5th Cir. 2007) (citing Twombly, 550 U.S. at 558, 127 S. Ct. 1955 (internal quotation marks omitted)).

## DISCUSSION

The Mississippi Tort Claims Act ("MTCA") provides a limited waiver of the State's sovereign immunity for "claims for money damages arising out of the torts of such governmental entities and the torts of their employees while acting within the course and scope of their employment . . . ." MISS. CODE. ANN. § 11–46–5(1). An employee may be joined in an action against a governmental entity in a representative capacity if the act or omission complained of is one

for which the governmental entity may be liable. MISS. CODE ANN. § 11-46-7(2). Under the MTCA, "no employee shall be held personally liable for acts or omissions occurring within the course and scope of the employee's duties." Id. There is a "rebuttable presumption that any act or omission of an employee within the time and at the place of his employment is within the course and scope of his employment." MISS. CODE ANN. § 11-46-7(7). However, "an employee shall not be considered as acting within the course and scope of his employment and a governmental entity shall not be liable or be considered to have waived immunity for any conduct of its employee if the employee's conduct constituted fraud, malice, libel, slander, defamation or any criminal offense." Id.

The act also provides numerous exceptions to the liability of a governmental entity based on specified circumstances. MISS. CODE ANN. § 11-46-9. Pertinent to this case are the police protection exemption and the discretionary function exemption. The police protection exception provides that the governmental entity and its employees acting within the course and scope of their employment shall not be liable for any claim arising out of any "act or omission of an employee of a governmental entity engaged in the performance or execution of duties or activities relating to police or fire protection unless the employee acted in reckless disregard of the safety and well-being of any person not engaged in criminal activity at the time of injury." MISS. CODE ANN. § 11-46-9(c). The discretionary function exemption provides that the governmental entity and its employees acting within the course and scope of their employment shall not be liable for any claim "[b]ased upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a governmental entity or employee thereof, whether or not the discretion be abused." MISS. CODE ANN. § 11-46-9(d).

I. Injunctive Relief

Count one of Plaintiff's Complaint seeks an injunction "prohibiting the Defendants from committing conduct of the like, kind, character and nature as that demonstrated and described in this complaint at any time in the future within the jurisdiction of the Circuit Court of Leflore County, Mississippi." Although this is not elaborated upon further in either the Complaint or Plaintiff's response to the Motion to Dismiss, Plaintiff presumably seeks to enjoin the Defendants from again arresting and assaulting the Plaintiff.

In order to obtain injunctive relief, a plaintiff is required to demonstrate: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury if the injunction is not issued; (3) that the threatened injury to plaintiff outweighs any damage the injunction might cause to defendant; and (4) that the injunction will not disserve the public interest. DSC Commc'ns Corp. v. DGI Techs., Inc., 81 F.3d 597, 600 (5th Cir. 1996).

The County argue that the Complaint fails to allege any facts upon which injunctive relief would be appropriate. The Court agrees. Nowhere in Plaintiff's Amended Complaint nor his response does the Plaintiff allege that there is a substantial threat of irreparable injury if the injunction is not issued. In other words, there is not even an allegation that the Plaintiff fears—reasonably or otherwise— that he will be in the future be subjected to the conduct described into the Complaint. See City of Los Angeles v. Lyons, 461 U.S. 95, 107 n.7 103 S. Ct. 1660, 75 L. Ed. 2d 675 (1983) (finding plaintiff lacked standing to seek injunction prohibiting use of a chokehold allegedly used on the plaintiff where there was no credible allegation that "he faced a realistic threat from the future application of the City's policy."). Accordingly, the request for injunctive relief will be dismissed.

II. Negligent, Grossly Negligent, and Wanton Failure in Hiring and to Monitor, Train, and Supervise the Officers Involved

Count two of the Complaint alleges that:

Defendants were grossly negligent and/or wanton in failing to monitor the actions of the officers involved. Defendants negligently and/or wantonly failed to train the aforementioned officers to properly protect, investigate, interrogate, detain, accost, search, prosecute, judge, or arrest the Plaintiff and other similarly situated individuals. Defendants negligently and/or wantonly failed to properly follow and/or apply their own municipal and law enforcement rules, ordinances, regulations, policies and procedures, as well as state law enforcement rules, ordinances, regulations, policies and procedures, as well as state law generally. The Defendants negligently hired and assigned the supervising officer on duty to be a shift supervisor without special training to deal with conducting "traffic stops" based on the information and belief of concerned citizens, and/or retained the officers involved, agents, and/or employees having knowledge of their propensity for malicious abuse of process, failure to follow promulgated rules and guidelines, and obstruction of justice.

The County argues that any claim related to hiring, training, monitoring, or supervising is barred by the discretionary function exemption. As stated above, the MTCA provides that "a governmental entity and its employees acting within the course and scope of their employment shall not be liable for any claim . . . [b]ased upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a governmental entity or employee thereof, whether or not the discretion was abused." MISS. CODE ANN. § 11-46-9(d). The Mississippi Supreme Court has adopted a two-part test for determining whether an act is a discretionary function: (1) whether the activity involved an element of choice or judgment, and if so, (2) whether the choice or judgment involves social, economic, or political policy alternatives. City of Jackson v. Powell, 917 So. 2d 59, 74 (Miss. 2005). If the obligation is imposed by law, leaving no room for judgment, the conduct will be considered ministerial, and immunity will not apply. Id.

The Mississippi Supreme Court has held that the manner in which a police department

6

supervises, disciplines, and regulates its police officers is a discretionary function. Id. at 74. The Powell court held that there is "no doubt that the choice to employ and the manner of supervision of police officers does affects [sic] public policy." Id. In the present suit, the alleged acts and omissions regarding the hiring, training, and supervision of the officers involved required the exercise of choice and judgment, and involved social, economic, and political policy alternatives. Therefore, the County is immune from liability pursuant to the MTCA for Plaintiff's claims regarding its hiring, training, and supervision of deputies involved.

    III.    Negligent Infliction of Emotional Distress

Count three of the Complaint alleges that "Defendants intentionally, negligently, and with reckless disregard inflicted extreme emotional distress upon Plaintiff's mind, spirit, and body. By condoning and/or ratifying the acts of the officers involved, the Defendants have caused the Plaintiff to suffer from emotional problems and mental anxiety."

The County argues that any claim against it for negligent infliction of emotional distress is barred by the MTCA's police protection provision. The MTCA exempts a governmental entity and its employees acting within the course and scope of their employment from liability related to law enforcement activities, unless "the employee acted in reckless disregard for the safety and well-being of any person not engaged in criminal activity at the time of the injury." MISS CODE ANN. § 11-46-9. The Mississippi Supreme Court has described "reckless disregard" as a "higher standard than gross negligence" that "embraces willful and wanton conduct which requires knowingly and intentionally doing a thing or wrongful act." City of Jackson v. Presley, 40 So. 3d 520, 523 (Miss. 2010). It has also been characterized as intentionally committing "an act of unreasonable character in reckless disregard of the risk known to him, or so obvious that he must be taken to have been

7

aware of it, and so great as to make it highly probable that harm would follow." Maldonado v. Kelly, 768 So. 2d 906, 910 (Miss. 2000). Accordingly, negligence or even gross negligence is not enough, and Plaintiff's claim for negligent infliction of emotional distress against the County shall be dismissed.

      IV.      Intentional Torts - Assault, Battery, and Intentional Infliction of Emotional Distress

As recited above, Plaintiff alleges that he was "viciously beat[en]" and "thrown to the ground and hit . . . with an unidentified blunt object" by the defendant deputies. Count four of the complaint alleges that "Defendants intentionally, with reckless disregard caused harmful and/or offensive contact upon Plaintiff's person by hitting and/or kicking Plaintiff (who was unarmed) in the ribs, striking Plaintiff in the head or face, and causing a rock to be lodged in Plaintiff's hand."

The County argues that the facts, as alleged by the Plaintiff, "clearly constitute[] a criminal offense," and therefore the County may not be held liable. As stated above, Mississippi Code Section 11-46-5(2) provides that "a governmental entity shall not be liable or be considered to have waived immunity for any conduct of its employee if the employee's conduct constituted . . . any criminal offense other than traffic violations." MISS CODE ANN. § 11-46-5(2). Mississippi Code Section 97-3-7 defines criminal assault as:

> (1) A person is guilty of simple assault if he (a) attempts to cause or purposely, knowingly or recklessly causes bodily injury to another; or (b) negligently causes bodily injury to another with a deadly weapon or other means likely to produce death or serious bodily harm; or (c) attempts by physical menace to put another in fear of imminent serious bodily harm; and, upon conviction, he shall be punished by a fine of not more than five Hundred Dollars ($500.00) or by imprisonment in the county jail for not more than six (6) months, or both. . . .

MISS. CODE ANN. § 97-3-7.

"Physically abusing a person in custody is not one of the duties of law enforcement

8

personnel." City of Jackson v. Powell, 917 So. 2d 59, 70 (Miss. 2005). As another district court found, "even if plaintiff was able to provide sufficient evidence for a jury to conclude that [deputies] improperly beat him once he was handcuffed, the law is clear such actions would constitute criminal acts . . . and [the County] is immune from liability for such criminal acts by virtue of Miss. Code Ann. § 11-46-5(2)." Tyson v. Jones Cnty., 2008 WL 4602788 (S.D. Miss. Oct. 15, 2008); see also McBroom v. Payne, 2010 WL 3942010 (S.D. Miss. Oct. 6, 2010) (explaining that claims of battery, assault, and intentional infliction of emotional distress "cannot be considered 'within the course and scope of employment' under the [MTCA]"); Harris v. City of Southaven, Mississippi, 2007 WL 188112 (N.D. Miss. Jan. 18, 2007) (finding claims against City for assault and battery fail as a matter of law because "the City of Southaven is not liable [for] criminal acts of its employees"). Accordingly, Plaintiff's claims against the County for assault, battery, and emotional distress arising from the alleged incident will be dismissed.

  V.  Count Five - Wrongful (Malicious) Prosecution

Finally, Plaintiff alleges that a "criminal action was instituted at the insistence of one or more of the Defendants and that said criminal action was terminated in favor of the Plaintiff," and "Defendants acted recklessly, with gross negligence, reckless disregard, and with malice in instituting the proceeding and without probable cause . . . ."

A cause of action for the tort of malicious prosecution requires the following elements: "(1) the institution of a proceeding, (2) by, or at the insistence of the defendant, (3) the termination of such proceeding in plaintiff's favor, (4) malice in instituting the proceedings, (5) want of probable cause for the proceedings, [and] (6) the suffering of injury or damage as a result of the prosecution." Condere Corp. v. Moon, 880 So. 2d 1038, 1042 (Miss. 2004).

9

Because malice is an essential element of a malicious prosecution claim, the MTCA's waiver of immunity does not apply. MISS. CODE ANN. § 11-46-5(2); Zumwalt v. Jones Cnty. Bd. of Supervisors, 19 So. 3d 672, 688 (Miss. 2009) (holding that because "[t]ortious interference with business relations and contracts requires proof of malice as an essential element . . . the MTCA does not apply to these torts"); see also Dozier v. City of Purvis, 2012 WL 4036004, at *2 (S.D. Miss. Sept. 12, 2012) ("as malice is indisputably an element of malicious prosecution, the City . . . has not waived its immunity"); Maas v. City of Ocean Springs, 2012 WL 2603620, at *5 (S.D. Miss. July 5, 2012) ("Malice is clearly an essential element of a claim of malicious prosecution . . . and the City has not waived its immunity from suit for the malicious acts of its employees."). This claim is due to be dismissed against the County.

## CONCLUSION

The County's Motion to Dismiss is GRANTED. Plaintiff's state law claims against Leflore County and the Defendant Deputies in their Official Capacities are dismissed.

SO ORDERED on this, the 26th day of March, 2013.

/s/ Sharion Aycock  
**UNITED STATES DISTRICT JUDGE**